UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NAYELI ROSALES GONEALEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-03558 (EJD)<br>**ORDERING DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner filed a Petition for Writ of Habeas Corpus seeking "release within 30 days unless Respondents schedule a hearing before an immigration judge" where the Government must justify its continued detention of Petitioner. Dkt. No. 1 at 17. For the reasons that follow, the Court DENIES the petition.

## I. DISCUSSION

The relevant facts here do not appear to be in dispute. Petitioner, a native of Honduras, entered the United States on or around July 10, 2019 and was encountered by United States Border Patrol near Hidalgo, Texas. Dkt. No. 8-1 at 3. Following this encounter, it appears that Petitioner was placed in removal proceedings and released into the interior of the United States. *Id*. Her removal proceedings were administratively closed on April 26, 2025, but were recalendared sometime in 2025. *Id*. During this period, Petitioner was placed in the Alternative to Detention Program ("ATP"). *Id*. at 2.

On October 10, 2025, Petitioner was convicted for organized retail theft. Dkt. No. 8-2 at 5. As a result, she "was terminated from the ATP program[,]" however, it does not appear that Petitioner was detained upon termination. Dkt. No. 8-1 at 2. Rather, the Government scheduled an

ICE office visit for Petitioner nearly a year later on January 8, 2026. *Id*. She was arrested at the office visit and remains detained at the California City Immigration Processing Center. *Id*.

Petitioner subsequently filed a petition for writ of habeas corpus arguing that her prolonged detention without a bond hearing violates due process. *See* Dkt. No. 1 at ¶¶ 24–39. While this petition was pending, Petitioner was ordered removed to Honduras, and her deadline for appeal has since passed. Accordingly, an administratively final order of removal has been in place since June 26, 2026. *See* Dkt. No. 14-1 at 1–5. Petitioner has now been detained for roughly seven months, and almost two since her order of removal became final.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that since Petitioner's order of removal became administratively final, detention authority shifted to 8 U.S.C. § 1231(a)(2), which mandates detention for 90-days following the entry of a final order of removal so that the government can effectuate removal. *See* Dkt. No. 14 at 1; 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). In Response, Petitioner argues that due process still requires she be provided with a bond hearing as she has now been detained for over seven months. *See* Dkt. No. 16 at 4.

The Court concurs with Respondents. In *Khotesouvan*, the Ninth Circuit explained that a noncitizen ordered removed cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed even when removal is not reasonably foreseeable. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004); *see also id*. at 1301 ("the *Zadvydas* due process analysis does not extend to § 1231(a)(2)). *Khotesouvan*, however, did not address the situation posed here where Petitioner was detained for several months prior to the issuance of her final order of removal. Under these circumstances, it is unclear whether a non-citizen within the mandatory 90-day removal period of 8 U.S.C. § 1231(a)(2)(a) can state a cognizable as-applied procedural due process claim based on prolonged detention.

Assuming, *arguendo*, such a claim could be cognizable, Petitioner here does not show relief is warranted. Applying the framework from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner has a diminished liberty interest in her continued freedom as her detention has only recently exceeded 6-months, and she did not appeal her order of removal. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (2022) (finding non-citizen's private interest in freedom from prolonged detention "further diminished by the fact that he is subject to [a non-final] order of removal"); *Zadvydas*, 533 U.S. at 701 (six months is a presumptively reasonable time necessary to bring about a non-citizen's removal). Further, Petitioner is not without procedural safeguards if the Government is unable to remove her once the 90-days expire. This is because if a non-citizen is not removed within the removal period, the statute provides for release on conditions rather than mandatory detention. *See* 8 U.S.C. § 1231(a)(3); *Alva v. Kaiser*, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025) ("As mandated by Congress, the default status after the 90-day removal period is therefore release on conditions, not detention."). Finally, the Government here has a strong interest in detaining Petitioner so that they may effectuate her removal during this 90-day period.

As Petitioner remains within the 90-day removal period of 8 U.S.C. § 1231(a)(2), her present detention is statutorily authorized and does not violate the Fifth Amendment. Accordingly,

United States District Court
Eastern District of California

she is not entitled to habeas relief at this time. The petition for writ of habeas corpus is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: August 19, 2026

EDWARD J. DAVILA
United States District Judge